UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

EARLEAN BOZEMAN,

                                                   Plaintiff,

                                                   v.

VERISON, et al.,

                                                Defendants.
_____

<u>DECISION AND ORDER</u>

18-CV-6270L

Plaintiff, appearing *pro se*, brings this action against Verizon and two of its employees, asserting personal injury and personal property damage claims, and seeking compensatory damages of 15 million dollars ($15,000,000.00) and the return of over 1,000 digital photographs. (Dkt. #1). Familiarity with the underlying facts is presumed.

On May 4, 2018, the Court issued an Order asking plaintiff to show cause why the instant matter should not be dismissed for lack of federal jurisdiction. (Dkt. #3). In response, plaintiff submitted a cover letter and an unsigned, unsworn document which argues that the Court should exercise jurisdiction over this matter, on the grounds that the facts plaintiff has alleged are sufficient to state a claim under Section 222 of the Communications Act (the "Act"). 47 U.S.C. §222.[1]

---

[1] Although plaintiff's initial complaint makes reference to "diversity jurisdiction," plaintiff's response makes no effort to establish complete diversity between herself (a resident of Rochester, New York) and the defendants. Nor does the Court find reason to believe that diversity jurisdiction exists: the defendants are comprised of Verizon [Communications, Inc.], a corporation incorporated in Delaware with its principal place of business in New York City, New York, and two Verizon employees who are working (and according to public records, currently residing) in Rochester, New York. (Dkt. #1 at 1-2). *See e.g.*, *Fair v. Verizon Communications, Inc.*, 2014 U.S. Dist. LEXIS 77437 at *8-*9 (S.D.N.Y. 2014).

Even assuming that all of plaintiff's allegations are true and viewing them in the light most favorable to her, none of the facts she has alleged set forth a plausible cause of action under the Act.[2] 47 U.S.C. §222, in sum and substance, prohibits telecommunications carriers from using or disclosing a customer's proprietary network information for purposes other than the delivery of telecommunications services. Specifically, a carrier is prohibited for using or disclosing such information for marketing purposes. 47 U.S.C. §222.

Plaintiff alleges that Verizon and certain of its employees intentionally, and with malicious and/or retaliatory motives, interfered with the application settings, internet access, battery power, and photograph storage on her cellular phone, as well as interfered with or limited her access to related services provided by third parties (e.g., automobile "OnStar" communications, plaintiff's e-mail account and her social media account), all in a manner that was brought to plaintiff's attention via her own interactions with her telephone and automobile.[3] Plaintiff makes no allegation – nor does a fair reading of her complaint or her other submissions to the Court suggest – that Verizon or any of its agents or employees ever used any of her proprietary network information, or disclosed it to unauthorized third parties, for marketing purposes (or for any other improper purpose). As such, plaintiff has failed to plausibly allege a claim under 47 U.S.C. §222

---

[2] The Court observes that on the face of the complaint, it appears that plaintiff may also lack standing to pursue some or all of her claims. She alleges that the telephone at issue was purchased and provided to her by her daughter, and concedes that she (plaintiff) has never entered into any contractual agreement with Verizon. (Dkt. #1 at 8).

[3] Specifically, plaintiff alleges that the defendants: (1) "destroyed" photos on her cellular phone and/or transferred them to a remote server (the "Cloud") for storage; (2) permitted applications such as those that forecast weather and provide maps and driving directions to perform geolocation to pinpoint her whereabouts; (3) "followed [plaintiff] every day of [her] life since [she] had her [Verizon] phone" such that she contacted the Federal Bureau of Investigation on multiple occasions to report it; (4) caused plaintiff's phone to lack sufficient battery power when she went to make calls on occasion; (5) prevented plaintiff's phone from being able to connect to internet service providers at certain locations; (6) "interrupted" plaintiff's OnStar service (remote vehicle safety and security system, operated by third party OnStar Corporation) by "go[ing] into [her] automobile"; (7) deleted several "important" e-mails from plaintiff's e-mail account; (8) permitted Google (a technology company providing internet-related services) to "take over [plaintiff's] photo albums" on her phone; (9) caused phone calls to be "dropped" at random times; and (10) interfered with plaintiff's Facebook (social media) account by causing "spot" [sic] to appear in place of faces in photographs. (Dkt. #1, #8). Plaintiff contends that these actions caused her such stress that she became depressed, suffered a mental breakdown, and became involved in a single-car motor vehicle accident.

et seq.[4]  *See generally Conboy v. AT&T Universal Card Servs. Corp.*, 84 F. Supp. 2d 492 (S.D.N.Y. 2000), *aff'd*, 241 F.3d 242 (2d Cir. 2001).

The Court also notes that 42 U.S.C. §222 et seq. applies to telecommunications carriers and not to individuals, and as such, plaintiff has failed to state a federal cause of action against the two individual defendants.  *See generally Weinstein v. AT&T Mobility LLC*, 553 F. Supp. 2d 637, 640-41 (W.D. Va. 2008).

It is well settled that "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction." *Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). Here, despite ample opportunity to do so, plaintiff has failed to allege facts giving rise to a claim under federal law, or otherwise to demonstrate any basis for federal jurisdiction over this matter. As such, the complaint is hereby dismissed in its entirety.  Plaintiff's federal claims are dismissed with prejudice.  Plaintiff's tort claims are likewise dismissed.  The Clerk is directed to close the case.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
   August 13, 2018.

---

[4] Plaintiff also purports to state claims under the Geolocation Privacy and Surveillance Act, a bill introduced in the United States Congress in 2011.  *See* Geolocation Privacy and Surveillance Act, H.R. 2168, 112th Congress (2011).  That bill still awaits consideration by the Senate Judiciary Committee and the House of Representatives.  Because it has not become law, it cannot provide the basis for a federal claim.